IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

K.A., a minor, by and through her next
friend, Michael Ayers,

    Plaintiff,

        v.

POCONO MOUNTAIN SCHOOL
DISTRICT,

    Defendant.

No. 3:11-CV-417

(JUDGE CAPUTO)

## MEMORANDUM

Before the Court is Defendant's Motion for Reconsideration (Doc. 31) of the Court's October 20, 2011 Order granting Plaintiff's Motion for Preliminary Injunction. Because the Court did not commit clear error in granting Plaintiff's Motion for Preliminary Injunction, Defendant's Motion for Reconsideration will be denied.

## I. BACKGROUND

As set forth in greater detail in the Court's Memorandum and Order issued on October 20, 2011 (Doc. 30), K.A., a minor and student at Barrett Elementary Center, was prohibited by the Pocono Mountain School District from distributing religious flyers inviting her classmates to a Christmas party at her church. K.A.'s father filed suit on K.A.'s behalf in March 2011, alleging that the school district violated K.A.'s First and Fourteenth Amendment rights. K.A. sought injunctive relief against the school district to ensure that the district did not attempt to prevent her from distributing religious flyers and materials in the future.

In my October 20, 2011 Order, I granted K.A.'s Motion for Preliminary Injunction. The October 20, 2011 Order permitted K.A.: (1) to distribute religious flyers to her friends

and classmates during non-instructional time at Barrett Elementary Center; and (2) to distribute flyers through the take home folders and the literature distribution table at Barrett Elementary Center. I also enjoined Defendant from enforcing revised Policy 913 to prohibit Plaintiff from distributing literature promoting religious events and activities.

Defendant filed a Motion for Reconsideration of that determination on November 3, 2011 (Doc. 31). Defendant argues that: (1) the Court erred in applying the *Tinker* standard instead of a forum analysis; (2) the Court erred in applying the standard of review for traditional public forums to what the Court found was a nonpublic forum; and (3) the Court erred in applying the *Tinker* standard to revised Policy 913 (Doc. 32). The Motion for Reconsideration has been briefed and is now ripe for the Court's review.

## II. DISCUSSION

### A. Legal Standard

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within twenty-eight (28) days of entry. Fed. R. Civ. P. 59(e). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985) (citation omitted). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration

2

is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, No. 05 1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F.Supp.2d 502, 504 (M.D. Pa.1999).

**B. *Tinker* Applies to the Restriction of K.A.'s Speech**

In my October 20, 2011 Memorandum (Doc. 30), I concluded that the standard articulated by the Supreme Court in *Tinker v. Des Moines Indep. Comty. Sch. Dist.*, 393 U.S. 503, 89 S. Ct. 733, 21 L. Ed. 2d 731 (1969), applied to this case as the litigation primarily concerns the expressive personal speech of a student. The *Tinker* Court recognized that schools may control student speech when the "conduct by the student, in class or out of it, which for any reason- whether it stems from time, place, or type of behavior-materially disrupts classwork or involves substantial disorder or invasion of the rights of others is, of course, not immunized by the constitutional guarantee of freedom of speech." *Tinker*, 393 U.S. at 513.

Defendant claims that *Tinker* does not apply. Instead, Defendant argues that the Court should have applied a forum analysis in this matter. As Defendant seeks to reargue a point of law that the Court has already decided, Defendant's Motion for Reconsideration as to this point must be denied. *See Ogden*, 226 F. Supp. 2d at 506.

Additionally, Defendant contends that the Court committed an error of law in applying *Tinker* by "fail[ing] to consider the *Morse* standard." (Def. Mot. at 9, Doc. 32 (citing *Morse v. Frederick*, 551 U.S. 393, 127 S. Ct. 2618, 168 L. Ed. 2d 290 (2007))). Defendant's effort to synthesize this case with *Morse*, however, is unavailing. In *Morse*, a group of students attended a school-sanctioned and school-sponsored event. *See id*. at 396. At the event, the school's principal viewed a number of students unfurl a large banner with the phrase "BONG HiTS 4 JESUS." *Id*. at 397. One student was ultimately suspended for his conduct at the event. *See id*. at 398. The student himself admitted "'that the words were just nonsense meant to attract television cameras.'" *Id*. at 401 (citing *Frederick v. Morse*, 439 F.3d 1114, 1117-18 (9th Cir. 2006) *rev'd*, 551 U.S. 393 (2007)). Based on the student's admission, the Court emphasized that "not even [the student] argues that the banner conveys any sort of political or religious message." *Id*. at 403. As a result, the Court concluded that the student's desire to get on television was "a description of [the student's] motive for displaying the banner; it [was] not an interpretation of what the banner says." *Id*. at 402.

The flyers distributed by K.A. contain quite a different message from the banner unfurled by the student in *Morse*. Here, the flyer distributed by K.A. was, in and of itself, religious literature which K.A. wished to make available to her classmates. The religious nature of the flyer clearly depicts that a party would be held by a religious organization's children's department. K.A.'s speech therefore contained a religious component not present in *Morse*. *See id*. at 403. As such, the Court need not, and did not, consider K.A.'s motives in distributing the flyers. I will therefore decline Defendant's Motion for

4

Reconsideration of my application of *Tinker* to the facts of this case.

**C. The Court Properly Stated the Nonpublic Forum Standard**

Defendant next argues that the "Court erroneously applied the standard of review for speech preclusion in public forums to what it found was a nonpublic forum." (Def. Mot. at 19, Doc. 32). Defendant's position is without merit. As I made clear in the October 20, 2011 Memorandum, the Court applied *Tinker*, and not a forum analysis, to the facts of this case. Indeed, I simply noted that "even **assuming** a nonpublic forum analysis was appropriate, the school district's actions were likely too broad and arbitrary to stand up to constitutional challenge." The above passage makes clear that the nonpublic forum discussion only supplemented the Court's core holding in this case: *Tinker* provides the proper framework to analyze the school district's conduct. I will therefore decline Defendants' Motion for Reconsideration on Defendant's second argument.

**D. *Tinker* Applies to Revised Policy 913**

In my October 20, 2011 Memorandum, I held that the revised version of Policy 913 banning any type of "solicitation" ran afoul of both *Tinker* and a nonpublic forum analysis. Defendant argues that this holding is a clear error of law.

I do not agree with Defendant's argument. As I noted in the October 20, 2011 Memorandum, the flyers distributed by K.A. constituted K.A.'s personal student expression. Under *Tinker*, "[i]n the abscence of a specific showing of constitutionally valid reasons to regulate their speech, students are entitled to freedom of expression of their views." *Tinker*, 393 U.S. at 511. Here, Defendant's generalized safety concern over solicitations does not serve as an adequate justification to ban all materials which may contain personal student

expression. Such a policy violates the mandates of *Tinker*. Defendant's argument to the contrary is unavailing. As there has been no clear error, Defendant's Motion for Reconsideration on the application of revised Policy 913 to personal student expression will be denied.

### III. CONCLUSION

For the reasons stated above, Defendant's Motion for Reconsideration (Doc. 31) will be denied.

An appropriate order follows.


March 2, 2012                                          /s/ A. Richard Caputo
Date                                                         A. Richard Caputo
                                                             United States District Judge